IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND (PROVIDENCE)

RALPH QUINONES,

Petitioner, pro-se,

Cr. Dkt. No.

v.

03-CR-78-ALL

UNITED STATES OF AMERICA,

Respondents,

MOTION TO RUN SENTENCES CONCURRENT
PURSUANT TO 18 U.S.C. §3584(a)-NUNC PRO TUNC

COMES NOW, Ralph Quinones, pro-se (hereinafter Petitioner), moving this court to respectfully amend the Federal Sentence imposed by this court on April 2, 2004 to run concurrent with the sentence imposed in the Rhode Island Superior Court.(Case No. P2/03-0401A).

During sentencing on April 2, 2004, this honorable court expressed its willingness to impose a concurrent sentence had Petitioner already been sentenced in the Superior Court of Rhode Island. At the time of sentencing, petitioner had not been sentenced in the state court. Therefore, the judge understood the applicable law at the time to mean that the district court was unable to sentence Petitioner concurrently to a non-existent state sentence yet to be imposed. The honorable court was

correct in its application of the prevalent law at the time petitioner was sentenced. However, the district court had the discretion to delay imposing the sentence until the State of Rhode Island imposed its sentence in order to run the sentences concurrent.

In United States v. Clayton, 927 F.2d 491(9th cir.1991), the Appellate Court remanded the case back to the district court because the district court was under the same impression as this court in that it had absolutely no discretion to sentence the defendant to a consecutive sentence to a not-yet-imposed state sentence. The Court went on to say that, "[w]e note, however, that had the district delayed sentencing until the state sentence had been imposed, the court could have exercised discretion to impose a consecutive sentence. The case is remanded to permit the trial court to resentence Clayton." id.927 F.2d at 493. Although, the Petitioner in the instant case is seeking a concurrent sentence to be imposed and not a consecutive sentence as in the case with CLAYTON, there was an available means for the district court to exercise its willingness and discretion to impose its desire to sentence Petitioner concurrently.

Therefore, Petitioner humbly requests that this court exercise its discretion in sentencing Petitioner concurrently to the sentence imposed in Rhode Island Superior Court, case no. P2/03-0401A.

Respectfully Submitted,

Ralph Quinones

Ralph Quinones, pro-se

Dated:

CERTIFICATE OF SERVICE

I, Ralph Quinones, hereby swear under the penalty of perjury that I placed one copy of the same into the prison legal mail-box with paid postage addressed to U.S. Attorney Mr. Peter F. Neronha, U.S. Attorney's Office Fleet Center 50 Kennedy Plaza, 8th Fl. Providence, RI 02903, on the 21 day of November, 2005.

Ralph Quiñones

Ralph Quinones