IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR-03-78T |
| RALPH QUINONES | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION TO RUN SENTENCES CONCURRENT PURSUANT TO 18 U.S.C. 3584(a)-NUNC PRO TUNC"**

On December 19, 2003, the defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 2, 2004, this Court sentenced the defendant to a term of imprisonment of 51 months, the low end of the Sentencing Guideline range. The defendant failed to take an appeal of that sentence. Now, more than eighteen months after sentence was imposed, the defendant asks this Court to "amend" his federal sentence by ordering that that sentence run concurrently with a state sentence imposed in Providence County Superior Court Case No. P2/03-0401A.

The defendant is not entitled to the relief he seeks. First, his motion is not properly before the Court. By now asking the Court to run his federal sentence concurrently with his state sentence, the defendant is effectively asking the Court to reduce his federal sentence. The problem for the

defendant is that there is no statute or procedural rule that allows him to bring such a motion at this stage. The statute that he cites, 18 U.S.C. § 3584(a), simply provides that at sentencing, when a defendant faces multiple terms of imprisonment, a court may impose such terms concurrently or consecutively. Section 3584 provides no authority for bringing a motion to reduce a sentence long after sentence has been imposed and appellate rights have been exercised or waived. Indeed, the only rule that provides for a reduction of a sentence after sentence has been imposed is Federal Rule of Criminal Procedure 35. That Rule provides that a sentence may be reduced "upon the government's motion." Fed.R.Crim.P. 35(b)(1) (emphasis added). The Rule contains no provision for the filing of such a motion by a defendant.

Second, even if the defendant's motion was properly before the Court, it nonetheless should be denied. The defendant claims that at sentencing, the Court "expressed its willingness to impose a concurrent sentence had Petitioner already been sentenced in Superior Court of Rhode Island", but did not do so because "the judge understood the applicable law at the time to mean that a district court was unable to sentence Petitioner concurrently to a non-existent state sentence yet to be imposed." This mischaracterizes the Court's ruling, as

evidenced by the sentencing transcript, attached as Exhibit A. Far from expressing a willingness to impose a federal sentence concurrent with any state sentence or sentences imposed, this Court denied defendant's request to receive credit for the time he had been held by the state because the defendant was facing a term of imprisonment as a violator of his state probation:

> . . . my understanding is he's facing some violations. He's been incarcerated not only because of the pending state charge, but also because that charge is the basis for some violations. . . . So I don't think it's appropriate in this case, not being able to sort those out. The violations relate to entirely separate matters, so I don't think it would be appropriate to make that recommendation in this case.

Exhibit A, p. 13 (emphasis added).

The Court was absolutely correct. As paragraph 43 of the February 12, 2004 Pre-Sentence Report indicates, the defendant had been presented as a violator of a three-year term of probation imposed in the state case that the defendant would have this Court run its sentence concurrent with, Providence County Superior Court Case No. P2/03-0401A. As paragraph 41 of the Pre-Sentence Report indicates, the defendant had also been presented as a violator of an eight-year term of probation imposed in Providence County Superior Court Case No. P2/01-2707A. Indeed, the state gun charge based on the incident that

gave rise to the defendant's federal charge was dismissed by the state shortly after the defendant's federal sentencing, on April 24, 2004. Exhibit B. Accordingly, even if the defendant's motion were properly before this Court, it is substantively unpersuasive. What was true on April 2, 2004 is equally true today. There is simply no reason why this Court should run its sentence concurrently with a state sentence imposed for the defendant's violation of his state court probation.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

PETER F. NERONHA
Assistant U.S. Attorney

Dated: December 9, 2005

Certificate of Service

I hereby certify that on the 9th day of December, 2005, a copy of the within Government's Response To Defendant's "Motion To Run Sentences Concurrent Pursuant To 18 U.S.C. 3584(a)-Nunc Pro Tunc" was delivered by first class mail Ralph Quinones, No. 05346-070, U.S.P. Allenwood, P.O. Box 3000, White Deer, PA 17887.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA | C.R. 03-078T |
| VS. | APRIL 2, 2004 |
| | 12:00 P.M. |
| RALPH QUINONES | PROVIDENCE, RI |

* * * * * * * * * * * * * * * *

BEFORE THE HONORABLE ERNEST C. TORRES

CHIEF DISTRICT JUDGE

**(SENTENCING)**

APPEARANCES:

FOR THE GOVERNMENT: Peter F. Neronha, AUSA
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: Olin W. Thompson, AFD
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, RI 02903

Court Reporter: Angela M. Reynolds, RPR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

**2 APRIL 2004 - 12:00 P.M.**

THE COURT: Good morning.

THE CLERK: This is Criminal Action 03-78, United States of America versus Ralph Quinones.

THE COURT: This case is here for sentencing. Mr. Quinones having previously pled guilty to a single count of being a felon in possession of a firearm or possessing a firearm after having previously been convicted of a felony.

Mr. Thompson, Mr. Quinones, have you both had an opportunity to review and discuss the Presentence Report?

MR. THOMPSON: Yes, your Honor.

THE DEFENDANT: Yes.

THE COURT: You may seated, Mr. Quinones.

As I understand it, there is no objection to the report by either the defendant or the Government; is that correct?

MR. NERONHA: That is correct, your Honor.

MR. THOMPSON: That's correct, your Honor.

THE COURT: The Court has reviewed the presentence report and finds that the probation officer has correctly calculated the net offense level here as Level 17, anticipating the Government's motion for a three-level downward reduction for acceptance of

responsibility, and the criminal history category as Category VI, and the guideline range as 51 to 63 months.

Now, I should mention to counsel, the Court just today received two handwritten letters from relatives of Mr. Quinones. I don't know if counsel have seen those or not. I'll give them to the clerk. She can show them to counsel and we'll attach them to the presentence report.

At this time, Mr. Quinones, you have the right to address the Court and say anything that you think should be considered in determining your sentence. Is there anything that you would like to say?

(Mr. Thompson/Defendant Conferring)

THE DEFENDANT: I would like to apologize on the things that I done. And the reason why I'm here today, because I was on drugs, I was doing crack, and I was doing Ectasy and stuff like that, and I'm asking if I could get in a drug program. I never been to a rehabilitation, nothing like that. I'm asking if it is possible I could get in a drug program.

THE COURT: All right. Mr. Thompson?

MR. THOMPSON: Your Honor, I'm asking the Court to impose the low end of the sentencing range, 51 months. I believe a 51-month sentence is justified for

a number of reasons. One reason that a low end sentence is justified in this case, your Honor, is that Mr. Quinones did plead to this case quickly, he never indicated any intention of fighting this case. He let the Government know at the earliest possible date that he intended on pleading, and I think for that reason he did save the Court and the Government a substantial amount of resources.

Far more importantly than that, your Honor, I believe the low end is appropriate in this case based on Mr. Quinones' upbringing, his mental health, and drug abuse issues. And I understand that that kind of argument can be made and typically is made in most of the sentencing cases before your Honor, but I think Mr. Quinones presents a unique defendant in the sense that he's had a lot of experience, obviously, in the juvenile court system and he's had a lot of experience, I think, in the adult State Court system, but he's never had any experience with the Federal Court system, and he's never had the opportunity that the Federal prison provides to a defendant. And I think the variety of programs, vocational opportunities and educational opportunities available in the Federal Bureau of Prisons is really wonderfully suited for a defendant like Mr. Quinones. He's still a young man,

but he's had such difficult problems in his life, and I think there's a lot of programs that can start to address each of these different things. And when the Court remembers that part of the role of imprisonment is rehabilitation, I think that a low end sentence is sufficient to punish the crime, but it's also sufficient to assure the Court that Mr. Quinones really will get a good and legitimate educational opportunity. He'll get good vocational opportunities, he'll get good mental health counseling, and he'll get good drug counseling. And all those things, I think, are crucial for Mr. Quinones, given his life and his background.

The presentence report, your Honor, details his difficult upbringing. He was physically abused as a youth by his stepfather after his father left. He obviously had trouble in school his entire life, and it appears that was not simply based on behavioral problems, your Honor, but also just on some -- the problems he faced inherent demonstrates -- the presentence report reports that he's borderline retarded, his IQ, his cumulative and verbal are both in the 80's, he suffers from ADHD. He spent a substantial time in special education and reports verbal disabilities and undisclosed or undiagnosed language disabilities. In addition to the physical abuse he

suffered from his stepfather, he apparently saw a friend killed by the police and had suicide attempts as a youth as well. He started using alcohol and drugs at the age of 12. And from the probation report it appears that each year he started using a new substance to maybe try to deal with these issues or hide from these issues, or maybe just because he was using drugs. I think the drug programs at the Federal Bureau of Prisons will assist him in dealing with some of these problems, and in tandem with the mental health counseling programs available, it really might be able to get to the crux of the issues with him. He has mental disabilities, apparently, but I think the vocational opportunities will be a real asset to him as well. This is a man as it stands right now based on the educational system failings, but clearly based on his own behavior as he was growing up, doesn't really have any meaningful skills of any kind, and so I think a 51-month sentence in the Federal Bureau of Prisons can assure that he has those things.

It's noted in the presentence report, your Honor, and it's proposed that perhaps criminal history Category 6 underrepresents Mr. Quinones' criminal record, based on the fact that it totals 23 points as it is. And it is correct that it does legitimately

total 23 points. I would point out to the Court, however, that by my count there are six cases in the presentence report that are misdemeanors that Mr. Quinones initially got a sentence of less than 30 days' imprisonment, but then based on a subsequent violation, he received longer sentence in the future. Now, any sentence that he received above 60 days, amounts to two points on his criminal history score. The offenses listed in paragraphs 30, 33, 34, 35, 37, and 39, are all misdemeanors for which he initially had less than 60 days, but later violated and got a higher sentence. He did violate and those are all legitimate convictions, your Honor, and those were the sentences. So they were appropriately assigned two points each.

But based on what appears to be a revolving door system in the District Court, these all amount to two points when he never served substantial amounts of time on any of them. If he hadn't received those violations, those would all be one-point convictions and that in itself would take off six points from his criminal history. Then if you look at that in tandem with the fact that the guidelines direct that you can only have four one-point convictions added to your criminal history, after that it's just repetitive and it really doesn't reflect on a true criminal history,

he already has those four. So if he hadn't violated on those six cases and received sentences of over 60 days, he wouldn't receive two points on any of those cases, that would be twelve points less on his criminal history, and he wouldn't even be in category 6, he would be in category 5. I'm not arguing overrepresentation at all, your Honor, I'm sincerely not. But based on the fact that the District Court seems to just have a revolving door and he goes out and comes back in and goes out and comes back in, he has twelve points on his record that wouldn't be there if not for that system. So I don't think it's overrepresented, but I also don't think an argument can be made that it is truly underrepresentative.

I think a low end sentence is appropriate for, in this case, your Honor, this is a nonviolent offense, although he did flee from the police, obviously, but I think that the presentence report lays out for your Honor a lot of significant issues in Mr. Quinones' life, his mental health, his education, his psychological issues in his past, and I think the Bureau of Prisons can address all those things, and I think they can do it in the 51 months that the low end calls for. Thank you.

THE COURT: Mr. Neronha?

MR. NERONHA: Thank you, your Honor. Just to clarify, the Government has, in fact, moved for the third point. The written motion was filed with the Court on December 29 of 2003. It was based on the fact that the defendant had timely notified the Government of his intention to enter a plea of guilty. In effect, your Honor, that is in large part the reason for the Government's agreement in the plea agreement to recommend the low end of the guidelines. The Government, at least this prosecutor doesn't always make that agreement.

I can think of a matter that I had on before Judge Lagueux just yesterday in which that was not the case. The reason I did so in this case is in large part based on the fact that within days of the defendant's arrangement, it was made clear to me by Mr. Thompson that Mr. Quinones had indicated his willingness to plead guilty. In fact, I have been in the office about a year and a half, and it was by far the quickest acknowledgement of responsibility that I had encountered. So it was based on that in large part that the Government agreed to a low end recommendation. So, therefore, the Government in this case is recommending the low end of the guidelines and a term of imprisonment of 51 months.

With respect to supervised release, the guidelines call for a period of two to three years. The Government is recommending a period of three years, given that the defendant's criminal history demonstrates an apparent inability to stay out of trouble while is he on probation. So given the choice of two to three years, the Government is recommending three years based on that criminal history. The Government is not recommending a fine, given that Mr. Quinones has no apparent ability to pay one, and of course, the $100 special assessment is mandatory. Thank you.

THE COURT: Mr. Quinones, would you stand up, please. The Court generally begins with the assumption, Mr. Quinones, that a sentence should be in the middle of the guideline range unless there are factors that suggest a higher or lower sentence.

In your case, there certainly is a factor suggesting a higher sentence, your criminal history is terrible. You've had numerous convictions for a variety of offenses. Mr. Thompson has done a very creative job of explaining why maybe it isn't quite as bad as it looks, and there may be something to the argument that there is a revolving door in the State Court, but nobody ever pushed you through the door.

Whether the door was a revolving door or not, you're the one that ended up going through the door. So that's a matter of great concern to the Court, and if you continue on this road, if this is any indication of your future behavior, you're going to find that the stakes get higher every time from here on out, as you find out in this case. You have a guideline range of 51 to 63 months. You've never served more than, I believe it was something like six months at a time before. And the next time around, if there is one, you're going to find the penalty is going to be even stiffer. So you need to turn things around.

On the other side of the coin, the Government is recommending a sentence, a minimum sentence. I put a great deal of stock in the Government's recommendations. I don't always accept them, but I certainly put a lot of stock in them. And as Mr. Neronha has pointed out, you did accept responsibility at the earliest possible time here so those things are in your favor. I'm going to give you the benefit of the doubt here. Ordinarily I would consider those things a wash, but I'm going to give you the benefit of the doubt, Mr. Quinones, and I am going to sentence you to a period of 51 months.

And I will ask the clerk to note on the judgment

form, that the Court recommends, as you requested, and I would have done anyway, frankly, that you be assigned to an institution that has a program of substance abuse counseling and treatment and a program of mental health counseling and treatment that hopefully will help you to deal with these problems while you are in prison. But they'll only help you if you want to be helped. Nobody can make you be helped. It has to come from you. And you've got an opportunity here, and you will have an opportunity to deal with those problems so that when you get out, you can turn things around.

Following the completion of your sentence, I place you on a supervised release for a period of three years. And as a condition of your supervised release, I will require that you undergo a program of substance abuse counseling and treatment and mental health counseling and treatment, either inpatient or outpatient, to be determined by the probation department, and that's for your own good, because if you haven't dealt with the problem by the time you get out of prison, you'll have an incentive or you'll be required to continue working on that after you get out.

I'm not going to impose any fine, because it doesn't appear that you have any assets with which to pay a fine, but I am required to impose a special

assessment in the amount of $100. You may be seated, Mr. Quinones.

THE COURT: Is there anything further, Mr. Neronha?

MR. NERONHA: No, your Honor, thank you.

THE COURT: Mr. Thompson?

MR. THOMPSON: Your Honor, I'd ask the Court to make a recommendation that Mr. Quinones receive credit back to July 9, that's the day he was arrested on the parallel state charges.

THE COURT: Well, my understanding is he's facing some violations. He's been incarcerated not only because of the pending state charge, but also because that charge is the basis for some violations.

MR. THOMPSON: That's correct, your Honor.

THE COURT: So I don't think it's appropriate in this case, not being able to sort those out. The violations relate to entirely separate matters, so I don't think it would be appropriate to make that recommendation in this case.

Court will be in recess.

(ADJOURNED)

# C E R T I F I C A T I O N

I, Angela M. Reynolds, RPR-FCRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Angela M. Reynolds

Angela M. Reynolds, RPR-FCRR

12-06-05

Date:

*** NOT AN OFFICIAL DOCUMENT ***

**Case ID:** P2-2004-0604AG
**Docket Search Start Date:**
**Docket Search Ending Date:**

## Case Description

**Case ID:** P2-2004-0604AG - RALPH QUINONES

**Court :** (SC) SUPERIOR COURT **Location :** (P) PROVIDENCE COUNTY

**Filing Date:** Thursday , February 05th, 2004

**Type:** F - FELONY

**Status:** DS - DISPOSED/SENTENCED

## Arrest Information

**Arresting Agency :** PROVIDENCE POLICE DEPARTMENT

## Charges

| Charge# | Charge | Disposition / Date | Sentence / Judge |
|---|---|---|---|
| 1 | CARRY PISTOL W/O LICENSE | DISMISSED 48A<br><br>26-APR-04 | |
| 2 | REC STOLEN GOODS >$500/FELONY | DISMISSED 48A<br><br>26-APR-04 | |
| 3 | B & E DWELLING | PLEA OF NOLO CONTENDERE<br><br>26-APR-04 | SUSPENDED 10 Years DIMITRI,JUDGE<br><br>PROBATION 10 Years DIMITRI,JUDGE |
| 4 | B & E DWELLING | PLEA OF NOLO CONTENDERE<br><br>26-APR-04 | SUSPENDED 10 Years DIMITRI,JUDGE<br><br>PROBATION 10 Years DIMITRI,JUDGE |

| | | | |
|---|---|---|---|
| | | | |
| 5 | ATTEMPTED B & E | PLEA OF NOLO CONTENDERE<br><br>26-APR-04 | SUSPENDED 10 Years DIMITRI,JUDGE<br><br>PROBATION 10 Years DIMITRI,JUDGE |
| 6 | POSS SCH I-V CONTROL SUBSTANCE | PLEA OF NOLO CONTENDERE<br><br>26-APR-04 | FULL SENTENCE 9 Years DIMITRI,JUDGE<br><br>TERM TO SERVE 10 Days DIMITRI,JUDGE<br><br>SUSPENDED 3235 Days DIMITRI,JUDGE<br><br>PROBATION 3235 Days DIMITRI,JUDGE<br><br>TOTAL ASSESSMENTS DIMITRI,JUDGE<br><br>HABITUAL OFFENDER DIMITRI,JUDGE |
| 7 | ELUDE POLICE | DISMISSED 48A<br><br>26-APR-04 | |
| 8 | DRIVE WITHOUT/EXPIRED LICENSE | DISMISSED 48A<br><br>26-APR-04 | |
| 9 | RESISTING ARREST | DISMISSED 48A<br><br>26-APR-04 | |
| 10 | RECKLESS DRIVING | DISMISSED 48A<br><br>26-APR-04 | |

**Case Event Schedule**

| Event | Date | Location | Judge |
|---|---|---|---|
| PRE-ARRAIGNMENT DISP CONFERENC | 15-MAR-2004 | 6TH DISTRICT COURT | MCATEE, MAGISTRATE |
| ARRAIGNMENT | 22-MAR-2004 | 6TH DISTRICT COURT | MCATEE, MAGISTRATE |
| PRE-TRIAL CONFERENCE | 26-APR-2004 | PROVIDENCE COUNTY | DIMITRI, JUDGE |

**Case Parties**

| Type | ID | Name | Aliases |
|---|---|---|---|
| DEFENDANT | 09702038 | **QUINONES, RALPH** | *none* |
| STATE OF RHODE ISLAND | | **STATE OF RHODE ISLAND** | *none* |

**Attorneys**

| Type | Name |
|---|---|
| PRIVATE ATTORNEY | MANFRED, LEO F. |
| PROSECUTOR | MCELROY, KELLY ANN |

**Docket Entries**

| Description | |
|---|---|
| 10-JUL-2003 | COMPLAINT FILED |
| 10-JUL-2003 | FELONY INITIAL APPEARANCE |
| 10-JUL-2003 | REFERRED TO FELONY SCREENING |
| 10-JUL-2003 | CASH BAIL SET |
| 10-JUL-2003 | DEFT REFERRED PUBLIC DEFENDER |
| 30-JUL-2003 | CONTINUED FOR FURTHER HEARING |
| 02-MAR-2004 | INFORMATION FILED |
| 15-MAR-2004 | COMPLETED |
| 15-MAR-2004 | DEFT ARRGN & PLEADS NOT GUILTY |
| 15-MAR-2004 | PRETRIAL NOTICE ISSUED |
| | |

| | |
|---|---|
| 15-MAR-2004 | CASH BAIL SET |
| 15-MAR-2004 | ENTRY OF APPEARANCE |
| 19-MAR-2004 | LETTER COURT APPOINTS ATTORNEY |
| 06-APR-2004 | NTC OF A.G. HABITUAL OFFENDER |
| 26-APR-2004 | DEFENDANT RE-ARRAIGNED |
| 26-APR-2004 | DEFN RETRACTS PLEA/NOT GUILTY |
| 26-APR-2004 | PRE-SENTENCE REPORT WAIVED |
| 26-APR-2004 | 48A DISMISSAL FILED |
| 26-APR-2004 | CERTIFICATE OF JUDGE |
| 26-APR-2004 | JUDGMENT OF CONVICTION ENTERED |
| 26-APR-2004 | DISPOSED/SENTENCED |